# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID WATTIE-BEY and : | |
| ALICIA WATTIE, : | No. 1:10-CV-2224 |
|     Plaintiffs : | |
| : | (Chief Judge Kane) |
| v. : | |
| : | (Magistrate Judge Carlson) |
| ATTORNEY GENERAL, : | |
| COMMONWEALTH OF : | |
| PENNSYLVANIA, DIVISION OF : | |
| CHILDREN AND YOUTH SERVICES, : | |
|     Defendants : | |

## ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On November 1, 2010, Magistrate Judge Carlson issued a report and recommendation which concluded that Plaintiffs' motion to proceed in forma pauperis should be granted but that the case should be dismissed for failure to state a claim. (See Doc. No. 4.) Judge Carlson found that dismissal is warranted for four separate reasons. First, the complaint, which was premised on a child custody matter, invites the Court to violate the domestic relations doctrine. (Id. at 7.) Second, because the state child custody case is still pending, the Court should abstain under the Younger abstention doctrine. (Id. at 8 (citing Younger v. Harris, 401 U.S. 37, 41 (1971).) Third, the Eleventh Amendment bars this lawsuit against a state agency. (Id. at 10.) Finally, the doctrine of judicial and quasi-judicial immunity also bars Plaintiffs' claims. (Id. at 12.)

On November 16, 2010, Plaintiffs filed two separate documents which can be liberally construed as objections to Judge Carlson's report: (1) a "Motion to Demand this Court Read All Pleadings Plaintiffs Files [sic] with This Court, and Adhere Only to Constitutionally Compliant Law and Case Law, and More Particularly, the Bill of Rights, in Its Rulings" (Doc. No. 5), and

(2) "Plaintiff's [sic] Reply to Magistrate Judge Carlson['s] Report and Recommendation to Dismiss Plaintiffs [sic] Complaint Pursuant to {Failure to State a Claim Upon Which Relif [sic] Can Be Granted}" (Doc. No. 6).

The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), provide that any party may file written objections to a magistrate's proposed findings and recommendations. In deciding whether to accept, reject, or modify the R & R, the Court is to make a de novo determination of those portions of the R & R to which objection is made. 28 U.S.C. § 636(b)(1). The Court has reviewed Plaintiffs' objections and has found them to be without any merit. Plaintiffs argue that a heightened pleading standard should not be applied to their claims brought pursuant to 42 U.S.C. § 1983. However, Judge Carlson's recommendation that the case be dismissed was premised on the legal merits of Plaintiffs' claims, not on whether they had alleged enough factual material to satisfy a heightened standard of pleading.

**AND NOW**, on this 24th day of November 2010, upon consideration of Magistrate Judge Carlson's Report and Recommendation (Doc. No. 4) and Plaintiffs' objections (Doc. Nos. 5, 6), it is **HEREBY ORDERED THAT** the report is **ADOPTED IN FULL**. Accordingly, Plaintiffs' motion to proceed in forma pauperis (Doc. No. 2) is **GRANTED**, but the complaint is **DISMISSED** for failure to state a claim upon which relief can be granted. Plaintiffs' "Motion to Demand this Court Read All Pleadings Plaintiffs Files [sic] with This Court, and Adhere Only to Constitutionally Complaint Law and Case Law, and More Particularly, the Bill of Rights, in Its Rulings" (Doc. No. 5) is **DISMISSED AS MOOT**.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania